## Hover's Estate.

*Michael A. Foley,* for exceptant; *George Scott Stewart, Jr.,* contra.

GEST, J., Nov. 28, 1930.—There can be no doubt that, prior to the Act of June 29, 1923, P. L. 914, the next of kin to whom the remainder estate is directed to be distributed should be ascertained as of the death of the testator and not as of the death of the life tenant, which is the period of distribution. This is a canon of testamentary construction, which applies unless the testator expressly or by necessary implication clearly designates the contrary intention. This contrary intention cannot be inferred from the fact, which

is purely accidental, that the result may be to divert the estate to persons not belonging to the family of the testator, as will be the case here, in part at least, if those persons should be ascertained through the estate of Adaline, the daughter of the testatrix and her only next of kin. Such considerations should not influence our legal judgment: Bentley's Estate (No. 1), 30 Dist. R. 67; and the mere fact that the life tenant is herself the only next of kin of the testatrix is likewise irrelevant in applying this canon of construction: Stewart's Estate, 147 Pa. 383; Snyder's Estate, 25 Dist. R. 207.

But the Auditing Judge has held that there is sufficient in this will and its codicils to show clearly that the ordinary rule should not apply, and in this we concur. When the will and codicils were written, the latest bearing date Jan. 5, 1907, the testatrix had a sister living, Debora Ridgway, unmarried and childless, and at least two nephews and a niece, Frank W. Whitcraft, David Whitcraft and Elizabeth Ridgway, besides, as it would appear, certain grandnephews and grandnieces. In her first codicil she directed that, in the distribution of her estate after her daughter's death, David Whitcraft and Lizzie Richardson should receive nothing and that Frank Whitcraft should receive not more than $500, adding, perhaps significantly, "the balance of my estate to be divided as in my within will provided." And in her second codicil she provided that, "in any distribution" which may be made under her will, Debora Ridgway "shall not participate unless she shall be a widow at the time of such distribution," which may fairly be interpreted to mean that, "in any distribution" which may be made under her will, Debora Ridgway shall participate if she is a widow "at the time of said distribution."

This alone may not be controlling, but the testatrix added, what seems to us to be most important, that, "in any such distribution, Mary Sabey shall receive an equal share along with my nephews and nieces as though she were lawfully my niece." In our opinion, the will and codicil show that the testatrix contemplated that her estate should be distributed among her collateral relatives and not to the estate of her daughter, at whose decease the estate should be distributed, for we must remember that Mary Sabey was not a niece in fact, but included as a legatee among nephews and nieces. The testatrix evidently intended that Mary Sabey should at the distribution take a share of her estate and not being entitled under the intestate laws, she can only take by testamentary inclusion among those who were, namely, the nephews and nieces, and if these are the persons who take under the intestate laws, it follows that the distribution must be made in accordance with those laws at the death of the life tenant, whose estate is thereby excluded. This result is entirely consistent with Snyder's Estate, 25 Dist. R. 207, where the exclusion of certain cousins *nominatim* from participation was held as intended to apply if the class of cousins should at the time of the testator's death constitute his next of kin. This affords no clear indication of testamentary intention, that the cousins should necessarily constitute the class of distributees. Nor does our decision in Hausman's Estate, 7 D. & C. 49, apply, where a stepbrother was by a will included in the distribution among the testator's heirs. There appears no reason why this stepbrother should not take along with the full brothers and sisters, and his express inclusion appears to be *ex majori cautela*, and as it was said by the Auditing Judge in that case: "I think the testator did not mean to bestow upon brothers and sisters and their issue the character of heirs in every event, but merely to treat William J. Gruhler as a blood brother, entitled to take if brothers were within the class that was to take, but not to displace a superior class of heirs." In the present case, however, the inclusion of Mary Sabey among the distributees, who was no kin of

the testatrix, and, evidently, as a favored legatee, was intended to take in any event, shows that the class in which she was placed should also take in any event.

The exceptions are dismissed and the adjudication confirmed absolutely.